# Exhibit 10

GREGORY P. O'HARA, CA BAR NO. 131963
gohara@nixonpeabody.com
DAVID B. RITCHIE, CA BAR NO. 112018
dritchie@nixonpeabody.com
LISA A. COLE, CA BAR NO. 184267
lcole@nixonpeabody.com
CHRISTOPHER MOONEY, CA BAR NO. 239469
cmooney@nixonpeabody.com
NIXON PEABODY LLP
2 Palo Alto Square
3000 El Camino Real; Suite 500
Palo Alto, CA 94306
Telephone: (650) 320-7700
Facsimile: (650) 320-7701

Attorneys for Defendant and Counterclaimant
FARPOINTE DATA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HID GLOBAL CORPORATION, et al, <br><br> Plaintiffs, <br><br> v. <br><br> FARPOINTE DATA, INC., a California corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. SACV 10-01954 JVS (RNBx) <br><br> **DISCOVERY MATTER** <br><br> **DECLARATION OF LISA A. COLE IN SUPPORT OF DEFENDANT'S JOINT STIPULATION** <br><br> **[Magistrate Judge Robert N. Block]** <br><br> Date Action Filed: December 22, 2010 <br> Discovery Cutoff: January 30, 2012 <br> Pretrial Conference: April 30, 2012 <br> Trial Date: May 15, 2012 |

1

I, Lisa A. Cole, declare:

1. I have personal knowledge of the matters set forth below, except as to those matters stated upon information and belief, and as to those matters I believe them to be true. If called upon to testify, I could and would testify as to the matters stated herein.

2. I am an attorney at law, duly licensed to practice before this Court, and am an associate with Nixon Peabody LLP, counsel of record for Defendant and Counterclaimant, Farpointe Data, Inc. ("Farpointe").

## FACTS RELATED TO WHETHER THE COURT SHOULD EXCLUDE EVIDENCE PRODUCED BY PLAINTIFFS IN VIOLATION OF THE PATENT LOCAL RULE 3-2(b)

3. This patent infringement case was filed by Plaintiffs on December 22, 2010. The Introductory Case Management Conference was held on April 18, 2011. Per the Patent Local Rules, Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions, including all documents relating to the conception, reduction to practice, design and development of each claimed invention at issue, was to be provided to Farpointe by May 2, 2011.

4. On June 13, 2011, Farpointe served its first set of requests for production of documents on Plaintiffs. Request numbers 6, 7, 8 and 9 captured the production of documents relating to the conception and development of the '935 and '862 patents. A true and correct copy of Farpointe's requests for production, set one, is attached hereto

as Exhibit A.

5. On September 13, 2011, Farpointe served its third set of requests for production of documents on Plaintiffs. Request numbers 30 and 38 again sought documents related to the conception dates of the patents at issue. A true and correct copy of Farpointe's requests for production, set three, is attached hereto as Exhibit B.

6. On June 21, 2011 and September 28, 2011, counsel for Farpointe sent meet and confer letters to Plaintiffs demanding production of all conception documents. True and correct copies of the June 21st and September 28th letters are attached hereto as Exhibits C & D.

7. On December 1, 2011, Farpointe served Requests for Production of Documents (Set Four) on Plaintiffs, once again seeking conception documents. Request number 52 specifically requested all documents relating the date of conception of the patents at issue. A true and correct copy of Farpointe's requests for production, set four, is attached hereto as Exhibit E.

8. On December 14, 2011, Pete Lowe, a third party witness subpoenaed by Farpointe and a former HID employee, produced at his deposition a Patent Disclosure form dated September 8, 2004 and signed by Ralph Quan. During the course of Mr. Lowe's deposition, Plaintiffs' initially counsel stated the document had been produced by Plaintiffs but in redacted form. Later, Plaintiffs' counsel retracted that position stating that the document had not been produced by Plaintiffs and that it was

3

privileged. In subsequent meet and confer communications regarding the production of the Patent Disclosure form which details the conception of the claims of the '862 patent, Plaintiffs' counsel maintained their position that the disclosure form was privileged – and then later decided that any privilege had been waived. A true and correct copy of the email chain discussing the production of the Patent Disclosure form by Pete Lowe, and Plaintiffs' counsel assertions regarding the privileged nature of the document, is attached hereto as Exhibit F.

9. On January 3, 2012, in response to Farpointe's fourth set of requests for production of documents, Plaintiffs produced a set of documents bates numbered HID037398-HID037440. A true and correct set of these documents is attached hereto as Exhibit G. Document HID037398-HID037413 is the very same Patent Disclosure form relating to conception date of the '862 Patent that Pete Lowe produced at his deposition, and that Plaintiffs' counsel had previously stated was not in Plaintiffs files and was privileged. True and correct copies of several letters addressing Plaintiffs' late production of the conception documents, as well as an email chain discussing Plaintiffs' late production of these conception documents are attached hereto as Exhibits H through J.

10. On January 12, 2012, Plaintiffs produced documents, bates numbered HID037615-30; HID037640-43; HID037654-63 and HID037665, including emails between Mr. Quan and a patent attorney, Rodney Brown, and evidence the potential

4

conception of the '862 Patent and its parent application. A true and correct copy of the documents that were produced on January 12, 2012 and that relate to the conception date of the '862 Patent is attached hereto as Exhibit K.

**FACTS RELATED TO WHETHER PLAINTIFFS SHOULD BE LIMITED TO THE PATENT APPLICATION/FILE DATES FOR THE '862 AND '935 PATENTS UNDER THE SPOLIATION OF EVIDENCE DOCTRINE**

11. In Farpointe's third set of discovery requests, served on September 13, 2011 and attached hereto as Exhibit B, Farpointe requested that Plaintiffs produce all documents relating to the Ralph Quan, the inventor of the '862 Patent, including his engineering notebooks, emails, contents of his hard-drives, etc.

12. On January 16, 2012, Farpointe took the deposition of Mr. Quan, the named inventor of the '862 Patent. Mr. Quan testified that when he left the employ of HID in October 2008, he left all of his engineering notebooks behind at his desk at HID. A true and correct copy of an excerpt from Mr. Quan's deposition transcript is attached hereto as Exhibit M.

13. On January 18, 2012, Farpointe's counsel located an email, dated December 20, 2010, that was produced in Plaintiffs' January 12, 2012 documents production, referencing eight boxes of documents pertaining to Mr. Quan that had been retrieved from a storage facility. A true and correct copy of an email chain between counsel regarding the production of eight boxes of documents pertaining to Mr. Quan is attached hereto as Exhibit N.

14. A true and correct copy of an email chain between counsel regarding the production of the Quan documents is attached hereto as Exhibit O.

15. On January 24th, counsel for Farpointe arrived at the designated location for the inspection and observed only three (3) boxes of documents purportedly containing material belonging to Mr. Quan. One of the boxes contained textbooks, one box contained Farpointe devices, and the other contained material that did not appear to belong to Mr. Quan.

16. I attempted to meet and confer with Plaintiffs' counsel about this issue at the conclusion of the deposition of Stephen Sheppard held on January 24, 2012. Despite my request to discuss the matter on the record, Plaintiffs' counsel refused to answer any questions until the court reporter stopped transcribing the conversation. At that time, Plaintiffs' counsel advised that someone at HID had shredded certain documents. After this discussion, I sent a letter to Plaintiffs' counsel, attached hereto as Exhibit P.

17. Farpointe's counsel spent approximately 8 hours drafting this motion, and expects to spend another 4 hours preparing and reviewing Plaintiffs' position and preparing for the hearing. Farpointe's counsel also spent 8 hours propounding discovery aimed at uncovering conception documents and meeting and conferring with Plaintiffs' counsel regarding conception documents. Based a reasonable rate for

6

DECLARATION OF LISA A. COLE
IN SUPPORT OF DEFENDANT'S
JOINT STIPULATION
SACV 10-01954 JVS (RNBx)

attorneys' fees, Farpointe requests that the Court order Plaintiffs to reimburse Farpointe $8,000.00.

18. As required by Local Rule 37-2.1, attached hereto as Exhibit Q is a true and correct copy of the initial order establishing the initial case schedule, and attached hereto as Exhibit R is a true and correct copy of the parties' Joint Report of Early Meeting [Rule 26(f)].

I declare under the penalty of perjury under the laws State of California that the foregoing is true and correct and that this declaration was executed on February 8, 2012, at Palo Alto, California.

*[signature]*
Lisa A. Cole

13773311.1