# Exhibit 11

Michael T. Hornak (State Bar No. 81936)
email: mhornak@rutan.com
Ronald P. Oines (State Bar No. 145016)
email: roines@rutan.com
Bradley A. Chapin (State Bar No. 232885)
email: bchapin@rutan.com
Timothy Spivey (State Bar No. 269084)
tspivey@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100 / Facsimile: 714-546-9035
Attorneys for Plaintiffs,
HID GLOBAL CORPORATION, ASSA ABLOY AB
and DESTRON FEARING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| HID GLOBAL CORPORATION, etc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> FARPOINTE DATA, INC., etc., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No. SACV 10-01954 JVS (RNBx) <br><br> **DECLARATION OF RONALD P. OINES IN SUPPORT OF JOINT STIPULATION REGARDING DEFENDANT'S REQUEST FOR AN ORDER (1) EXCLUDING EVIDENCE DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH THE MANDATORY DISCLOSURE PROVISIONS AND PATENT LOCAL RULES (2) PRECLUDING PLAINTIFFS FROM RELYING ON A CONCEPTION DATE PRIOR TO THE FILE DATE OF THE PATENTS AT ISSUE AND (3) ORDER FOR ATTORNEYS' FEES FOR BRINGING THIS MOTION** |
|---|---|

# DECLARATION OF RONALD P. OINES

I, Ronald P. Oines, declare as follows:

1. I am a partner with the law firm of Rutan & Tucker, LLP, counsel of record for Plaintiffs HID Global Corporation, Assa Abloy AB, and Destron Fearing Corporation (collectively "Plaintiffs") in this action. I am a member in good standing of the State Bar of California, and am admitted to practice before this Court. I make this Declaration regarding the Joint Stipulation Regarding Defendant's Request for an Order (1) Excluding Evidence Due To Plaintiffs' Failure To Comply With The Mandatory Disclosure Provisions And Patent Local Rules (2) Precluding Plaintiffs From Relying On A Conception Date Prior To The File Date Of The Patents At Issue And (3) Order For Attorneys' Fees For Bringing This Motion ("Stipulation"). I have personal knowledge of the facts set forth in this Declaration, except where I indicate I am informed of something, and, if called as a witness, could and would testify competently to such facts under oath.

2. On May 2, 2011, Plaintiffs served their Infringement Contentions in this action. On that same date, pursuant to Patent Local Rule 3-2, Plaintiffs served a notice of document production on Farpointe that noted that Plaintiffs at that time had no nonprivileged documents relating to conception. Prior to that time, Farpointe had not identified the prior art it intended to rely on in this case.

3. On June 16, 2011, Farpointe served its Invalidity Contentions in this action. Attached hereto as Exhibit 1 is a true and correct copy of Farpointe's Invalidity Contentions.

4. On December 16, 2011, Farpointe served its expert report on Invalidity in this action. A true and correct copy of Farpointe's expert report is attached hereto as Exhibit 2.

5. At about this same time, Farpointe served discovery on Plaintiffs designed to determine whether Plaintiffs intended to seek to establish an earlier invention date for either of the patents-in-suit, and requested that any documents

1 related thereto be produced. A true and correct copy of Farpointe's interrogatories
2 and requests for production are attached hereto as Exhibit 3.

3     6.    Plaintiffs responded to Farpointe's discovery by indicating that
4 Plaintiffs intend to seek to establish an earlier date of invention for the '862 Patent.
5 A true and correct copy of Plaintiffs' responses to the discovery are attached hereto
6 as Exhibit 4. Plaintiffs also decided to waive the privilege as to, and produced, the
7 two invention disclosure documents relating to the '862 Patent that are the subject of
8 Farpointe's Motion. Shortly thereafter, Plaintiffs produced certain emails between
9 the inventor and the patent attorney to show diligence toward the filing of the patent
10 application.

11     7.    On January 16, 2012, Farpointe took the deposition of Ralph Quan, the
12 inventor of the '862 Patent. I attended the deposition. Farpointe questioned Mr.
13 Quan about the '862 patent Invention Disclosure documents.

14     8.    Before this case was filed and continuing thereafter, HID has diligently
15 searched for documents relating to the '862 patent. Ralph Quan, the inventor of the
16 '862 patent, left HID several years ago. Shortly after this lawsuit was filed, I went
17 to HID's location in Colorado. While there, I, with the assistance of an HID
18 employee, searched the contents of eight boxes of documents which had been pulled
19 from hundreds of boxes in long-term storage. I was informed that four of these
20 boxes were somehow identified as being related to Ralph Quan, and that HID had
21 pulled two documents on each side of the four boxes as they were placed in storage,
22 to be safe in case some documents relating to Mr. Quan might also be in the boxes
23 on the adjoining sides of the four boxes. There was nothing in these boxes that
24 related to the invention of the '862 Patent. Indeed, it was not even clear that these
25 boxes had anything to do with Ralph Quan. More recently, when counsel for
26 Farpointe asked to itself review those eight boxes of documents, I informed counsel
27 that there were no relevant documents in those boxes, but that they could review
28 them if they wanted to. I thereafter contacted HID to let them know that counsel

1  wished to review those eight boxes of documents. At that time, I was informed that
2  because those documents did not contain any documents related to the litigation,
3  those boxes had been looked through as part of a broader document review,
4  retention and destruction plan at HID. I was further informed that all materials in
5  these boxes that related to any HID products, inventions or patents were retained,
6  and that other materials that HID had no need to retain, such as travel related
7  documents, were sent off for destruction. I was further informed that the materials
8  that had originally been placed in these eight boxes were consolidated into four
9  boxes. On January 20, 2012, I sent an email to counsel for Farpointe in which I
10 informed them of my understanding as to these boxes. A true and correct copy of
11 that email is attached as Exhibit O to the Declaration of Lisa Cole. I am informed
12 that HID has diligently searched for Mr. Quan's inventor notebooks relating to the
13 '862 patent, but has been unable to locate them.
14      9. On January 31, 2012, Farpointe took the deposition of Destron's
15 corporate designee, Jason Prescott, and I am informed Farpointe fully questioned
16 him about the documents that were produced on January 3, 2012 relating to the
17 invention of the 935 Patent.
18      I declare under penalty of perjury under the laws of the United States of
19 America that the foregoing is true and correct.
20      Executed this 3rd day of February, 2012, at Costa Mesa, California.

_____
Ronald P. Oines