# Exhibit 15

Michael T. Hornak (State Bar No. 81936)
email: mhornak@rutan.com
Ronald P. Oines (State Bar No. 145016)
email: roines@rutan.com
Bradley A. Chapin (State Bar No. 232885)
email: bchapin@rutan.com
Timothy Spivey (State Bar No. 269084)
tspivey@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiffs, HID GLOBAL CORPORATION, ASSA ABLOY AB and DESTRON FEARING CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HID GLOBAL CORPORATION, etc., et al., <br> Plaintiffs, <br> vs. <br> FARPOINTE DATA, INC., etc., et al., <br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No. SACV 10-01954 JVS (RNBx) <br><br> **DECLARATION OF MARI JO CROUSE PURSUANT TO COURT'S MARCH 21, 2012 ORDER** |

DECLARATION OF MARI JO CROUSE

## DECLARATION OF MARI JO CROUSE

I, Mari Jo Crouse, declare as follows:

1. I am a Human Resources Representative at HID Global Corporation ("HID"). I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, could and would testify competently to such facts under oath.

2. Ralph Quan left employment with HID on October 17, 2008. As part of HID's efforts to locate documents relating to Mr. Quan, in December 2010, HID retrieved eight boxes of documents from long term storage. Four boxes had been identified on an inventory list as being related to Mr. Quan. HID had these four boxes pulled, as well as two boxes listed before and after the four boxes identified as being related to Mr. Quan. Thus, although HID retrieved eight boxes from storage, only four of them had been identified as relating to Mr. Quan. The eight boxes retrieved were delivered to HID's facility located in Westminster, Colorado.

3. I understand that on February 22, 2011, HID and its counsel reviewed the eight boxes at HID to determine if there were any documents potentially relating to the pending lawsuit. I understand that by separate declaration our counsel confirmed that no documents relating to the claims in the lawsuit were located in the eight boxes.

4. After counsel's review of the above-described documents, the eight boxes were kept at HID's facility and stored in a secure room. In or around April, 2011, as part of document management efforts, HID initiated a process by which it began a review of old documents to determine what should be archived, and what documents and/or items were eligible for destruction. As part of this review process, HID went through numerous boxes. HID has retained any and all documents and/or items that appear to relate to product development, research, inventions or patents. This includes, for example, engineering notebooks. Only documents and/or items that are unrelated to any HID product development, research, invention or patent were destroyed.

5. In approximately October, 2011, pursuant to the instruction of myself, the eight boxes of documents that had been pulled from storage, as well as numerous other boxes, were reviewed consistent with the foregoing. Any documents and/or items relating to product development, research, inventions or patents were retained. Other documents were sent to Cintas Document Management to be shredded.

6. HID's review of the eight boxes previously examined by HID and its counsel was conducted by Mr. David Andresky, who is the Sr. Director of Product Engineering and Development at HID, in approximately October 2011. Mr. Andresky informed me that, to the best of his recollection, the only items that were sent to be destroyed from the eight boxes consisted of travel related and other expense documents, approximately three or four evaluation boards for evaluating integrated circuits, empty anti-static packaging, vendor part catalogs, and data sheets for integrated circuits. Those items were destroyed in approximately November, 2011.

7. HID did not seek approval from HID's counsel prior to destroying these items because HID and its counsel had previously reviewed these boxes, and because HID did not intend to, nor did they, destroy any documents or items that were potentially relevant to the pending lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of March, 2012, in Westminster, Colorado.

_Mari Jo Crouse_
Mari Jo Crouse