# Exhibit 19

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |

| | |
|---|---|
| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |

Present: The Honorable     James V. Selna

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)
Order GRANTING IN PART and DENYING IN PART Defendant
Farpointe Data Inc's Motion for Sanctions (1) To Exclude Evidence Due
to Plaintiffs' Failure to Comply with the Mandatory Disclosure
Provisions and Patent Local Rules; (2) To Preclude Plaintiff's from
Relying on a Conception Date Prior to the File Date of the '862 Patent
and (3) Order for Attorneys' Fees (fld 2-14-12, dkt 140)

Defendant Farpointe Data, Incorporated ("Farpointe") moves for an order
(1) excluding evidence due to HID Global's alleged failure to comply with the mandatory
disclosure provisions and patent local rules; (2) precluding HID Global from relying on a
conception date prior to the filing date of the '862 Patent; and (3) ordering HID Global to
pay the attorneys' fees related to this Motion.  (Notice of Mot. 2, Docket No. 140.)
Plaintiff HID Global Corporation ("HID Global") opposes the Motion.  (Opp. Br., Docket
No. 187.)  Farpointe replied.  (Reply Br., Docket No. 212.)  For the foregoing reasons,
the Motion is GRANTED in part and DENIED in part.

I.     Factual Background

This Motion arises out of HID Global's alleged failure to timely produce all
documents relating to the conception date of the '935 and '862 patents.

HID Global filed this patent infringement case on December 22, 2010.  The
Introductory Case Management Conference was held on April 18, 2011.  Per the Patent
Local Rules, HID Global's Disclosure of Asserted Claims and Infringement Contentions,
including documents relating to the conception of the patents at issue, was to be provided
to Farpointe by May 2, 2011.  (Decl. of Lisa A. Cole ("Cole Decl.") ¶ 3, Docket No. 142;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

see Patent L.R. 3-2(b).)[1]

Additionally, Farpointe explicitly requested that HID Global produce documents related to the conception of the '862 and '935 patents throughout the course of discovery. On June 13, 2011, Farpointe submitted its first set of requests for production, which included four requests seeking documents related to the validity, conception, and development of the '935 and '862 patents.  (Cole Decl., Ex. A, Interrogs. 6,7,8, 9.)  In Farpointe's third set of requests for production, served on September 13, 2011, Farpointe included two requests that again sought documents related to the conception dates of the patents at issue.  (Cole Decl., Ex. B, Interrogs. 30, 38.)  Farpointe also requested that HID Global produce all documents relating to Mr. Ralph Quan, the inventor of the '862 Patent, including his engineering notebooks, email correspondence, and the contents of his hard-drive.  (see Cole Decl., Exs. D, L, M, N.)  Farpointe sent meet and confer letters to HID Global, requesting that HID Global fulfill Farpointe's prior requests for, inter alia, conception related documents.  (Cole. Decl., Ex. C, D.)  Farpointe alleges that no conception documents were produced in response to those letters.  (Mot. Br. 3, Docket No. 141.)  Farpointe served its fourth set of requests for production on December 1, 2011, in which Farpointe again sought conception documents.  (Cole Decl., Ex. E, Interog. 52.)

In January 2012, HID Global produced documents responsive to Farpointe's fourth set of requests for production.  Specifically, on January 3, 2012, HID Global produced the Patent Disclosure form dated September 8, 2004, which was signed by Mr. Quan and relates to the conception date of the '862 Patent.  (Cole Decl., Ex. G.)  HID Global also produced documents related to the conception of the '935 patent at that time.  (Id.)  On January 12, 2012, HID Global produced another set of documents relating to the conception of the patents at issue, including emails between Mr. Quan and a patent attorney, Mr. Rodney Brown.  (Cole Decl., Ex. K.)

Farpointe deposed Mr. Quan on January 16, 2012, at which time he indicated that when he stopped working for HID Global, he left all of his engineering notebooks on his desk at the HID Global office.  (Cole Decl., Ex. L.)  On January 18, 2012, Farpointe located an email in HID Global's document production, dated December 20, 2010, that

---

[1]    The Court has adopted the Local Patent Rules of the Northern District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

referenced eight boxes[2] of documents pertaining to Mr. Quan that had been retrieved from a storage facility.  (Cole Decl., Ex. M.)  Farpointe requested production of the eight boxes, and HID Global replied that the boxes had been previously reviewed for responsive information, but that Farpointe was welcome to go to the HID Global office in Colorado to inspect them.  (Cole Decl., Ex. N.)  HID Global informed Farpointe that counsel could not review the original eight boxes pulled because HID Global had removed irrelevant documents (such as travel expenses) and consolidated the boxes "months ago."  (Id.)  Farpointe inspected the three available boxes on January 24, 2012 in Denver, Colorado.  (Cole Decl. ¶ 14.)  The boxes contained textbooks, Farpointe devices, and material that did not appear to belong to Mr. Quan.  (Id.)  Farpointe asserts that it attempted to meet and confer with HID Global's counsel on January 24, 2012, but HID Global's counsel declined to answer any questions on the record.  (Id. ¶ 15.)  At that time, HID Global's counsel advised that someone at HID Global had shredded certain documents, which HID Global contends were related only to travel expenses and other irrelevant matters.  (Cole Decl. ¶ 15; Cole Decl., Exs. O, P.)

II.     Legal Standard

        Although Farpointe states that it brings this Motion pursuant to "Patent Local Rule 37-3" (Notice of Mot. 2),[3] it appears from the case law cited in Farpointe's Points and Authorities that this is a Federal Rule of Civil Procedure 37(c) Motion (Mot. Br. 6-7).

        Federal Rule of Civil Procedure 37(c)(1) permits the exclusion of evidence for a failure to disclose such evidence under Federal Rule of Civil Procedure 26,[4] unless the

---

        [2] At the hearing, HID Global asserted that only six boxes were pulled from storage: four boxes ostensibly containing Mr. Quan's belongings and the two boxes surrounding those four boxes. However, an email from Administrative Manager of HID Global's Product Development, Natalie J. Martin, to Michael Davis at HID Global states "[w]e have 8 boxes of Ralph Quan's documents . . . Please let me know who you will direct to look through them." (Cole Decl., Ex. M.)

        [3] The Patent Local Rules of the Northern District of California do not include a "Rule 37-3."  See http://www.cand.uscourts.gov/localrules/patent.

        [4] Rule 26 states that parties must, "without awaiting a discover request," provide to the other parties, inter alia, "a

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |

| | |
|---|---|
| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |

failure was harmless or substantially justified.  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 37(c)(1) has been recognized as broadening the district court's sanctioning power.  Id.  The rule is "a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material . . . .'" Id. (quoting Fed. R. Civ. P. 37, Advisory Comm. Notes (1993)) (brackets in original). The party facing sanctions has the burden of showing that the failure to disclose evidence was either harmless or substantially justified.  Id. at 1107; Lucent Techs., Inc. v. Gateway, Inc., 2007 U.S. Dist. LEXIS 46861, *22-23 (S.D. Cal. June 27, 2007).  The moving party need not show that the party facing sanctions acted willfully or in bad faith; an exclusion sanction is "an appropriate remedy for failing to fulfill the . . . disclosure requirements of Rule 26(a)" regardless of the party's intent.  Id.

### III.   Discussion

Farpointe seeks (1) to exclude certain evidence it claims that HID Global produced in violation of Patent Local Rule 3-2(b) and (2) to preclude HID Global from introducing any evidence showing a conception date for the '862 Patent prior to the filing date. Farpointe also seeks attorneys' fees for the preparation of this Motion.  The Court addresses each of Farpointe's arguments in turn.

### A.   Exclusion of Evidence Produced in Violation of Patent Local Rule 3-2(b)

Patent Local Rule 3-2(b) requires a party claiming patent infringement to produce the following with the Disclosure of Asserted Claims and Infringements Contentions:

> All documents evidencing the conception, reduction to
> practice, design, and development of each claimed invention,
> which were created on or before the date of the application
> for the patent in suit or the priority date identified pursuant
> to Patent L.R. 3-1(f), whichever is earlier.

---

copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

The Disclosure of Asserted Claims and Infringement Contentions must be served no later than fourteen days after the Initial Case Management Conference.  Patent L.R. 3-1.

In this case, the Initial Case Management Conference occurred on April 18, 2011.  (Cole Decl. ¶ 3.)  Thus, the Disclosure of Asserted Claims and Infringement Contentions, along with all documents evidencing conception, were due on May 2, 2011.  (Id.)  On May 2, 2011, HID Global served Farpointe with the Disclosure of Asserted Claims and Infringement Contentions and a notice of document production that noted that HID Global had no nonprivileged documents relating to conception at that time.  (Decl. of Ronald Oines ("Oines Decl.")  ¶ 2.)  More than eight months later, on January 3 and January 12, 2012, HID Global produced documents related to the conception date of the '862 and '935 Patents.  (Cole Decl. ¶¶ 9-10; Cole Decl., Ex. H-J.)  The parties do not dispute that these documents were related to the conception date.  Rather, HID Global claims that it did not violate Local Rule 3-2(b) in making these late productions.  The Court analyzes the conception date evidence related to the '862 Patent and '935 Patent separately.

1.      '862 Patent Conception Date Evidence

_____HID Global argues that the conception date evidence relating to the '862 Patent was produced in a timely fashion because those documents were privileged and HID Global decided to waive that privilege as soon as it knew the specific prior art on which Farpointe would rely.  (Opp. Br. 1, 4-5.)  HID Global contends that Farpointe's Invalidity Contentions were so deficient that HID Global could not determine the prior art Farpointe would rely on to invalidate the '862 Patent.  (Id. at 4.)  HID Global claims that it had notice of Farpointe's prior art only after Farpointe's invalidity expert, Roger Stewart, issued his report on December 16, 2011, disclosing the specific prior art devices.  (Id. at 5-6.)  Only at that point, HID Global contends, did it have proper notice of Farpointe's prior art.  HID Global suggests that without this expert report, it could not have made the strategic decision whether to waive privilege as to documents establishing an earlier conception date for the '862 Patent.  (Id. 6-7.)  The Court finds this argument unconvincing.

The Infringement Contentions put HID Global on notice that Farpointe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |

| | |
|---|---|
| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |

would rely on prior art patents, publications, and inventions that predate the filing date of the '862 Patent.[5]  While HID Global is correct that some prior art entries post-date the '862 Patent or fail to state the conception date of the particular prior art, the majority of the entries include a date and predate the '862 Patent.  In fact, the Invalidity Contentions cite 17 prior art patents and 52 prior art publications that predate the '862 Patent.  (Invalidity Contents, Oines Decl., Ex. 1, p. 3-18.) Additionally, the Invalidity Contentions list a host of items that were offered for sale or that were publicly known before the '862 Patent filing date which allegedly invalidate the Patent under 35 U.S.C. § 102(b).  While HID Global did not know which prior art would be central to Farpointe's case, the Invalidity Contentions gave it ample notice that Farpointe would seek to invalidate the '862 Patent with patents, publications, and items in commerce that predated the '862 Patent filing date.  In other words, the Invalidity Contentions made clear that the conception date of the '862 Patent would be a critical issue in this litigation.  HID Global had the information it needed in May 2011 to determine whether it should waive privilege as to the documents evidencing an earlier conception date.  Yet, HID Global did not waive privilege and produce these documents until eight months later when Farpointe's expert expounded on Farpointe's prior art.  Furthermore, HID Global did not identify these conception documents in its privilege log, thereby depriving Farpointe of notice that HID Global may attempt to introduce evidence of an earlier conception date if it decided to waive privilege.  These actions were improper.  When deciding whether to waive privilege over documents that would otherwise be discoverable, a party is entitled to notice–not perfect information–of the opposing party's invalidity claims.  Once on notice of relevance, a party cannot avoid Patent Local Rule 3-2(b) by hiding under the cloak of privilege, only to delay disclosure.

Moreover, the Court disagrees with HID Global's contention that Farpointe did not disclose the specific prior art it would rely on until it produced the expert report.  Of the four prior art devices HID Global identifies in Farpointe's expert report, at least three were disclosed in the Invalidity Contentions.  First, the Dynasys Dual Frequency Product discussed in the expert report was disclosed in the Invalidity Contentions.  Though the product was referred to as the "Dynasys Dual Band Evaluation Kit" in the Invalidity Contentions, it is clear that it is the

---

[5] The '862 Patent was filed on December 16, 2004.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

same product discussed it the expert report because they have identical product numbers, which were included in both documents.  While the Invalidity Contentions do not specify the time frame during which this product was sold, it indicates that the product had been sold "since 2004."  (Invalidity Contentions, p. 21.)  This information was sufficient to put HID Global on notice that the sale of this product likely predated the December 16, 2004 filing date of the '862 Patent. Second, the multi-prox system discussed in the expert report is also disclosed in the Infringement Contentions.  It is listed under the disclosures pursuant to 35 U.S.C. § 102(b) and the chart indicates that the multi-prox system was "offered for sale or publicly used or known" as of 1995, which gives HID Global adequate notice that this product predated the '862 Patent filing date.  (Id. at 20.)  That Farpointe did not specify whether the product was offered for sale or publicly used does not show HID Global lacked notice of this product.  Third, the XceedID reader XF1100 device is also disclosed in the Infringement Contentions.  (Id. at 7.) Although it is listed as a publication and not a "prior art device," HID Global had reasonable notice that the object of a publication could be prior art itself.  At the very least, this publication put HID Global on notice that Farpointe would rely on prior art predating the '862 Patent filing date.[6]

In sum, Farpointe's Invalidity Contentions were not so deficient as to give inadequate notice of Farpointe's prior art contentions.  Because HID Global had notice of Farpointe's prior art contentions as of May 2011, it was unreasonable for HID Global to wait more than eight months before waiving privilege over certain documents if it intended to do so.  Accordingly, the conception documents produced on January 3 and January 12, 2012 relating to the '862 Patent are excluded.

---

[6] Contrary to HID Global's assertion, the fourth device discussed in the expert report–the TIS4110R reader–was likely disclosed adequately in the Invalidity Contentions as well. (Opp. Br. 6.)  The Invalidity Contentions refer to the following three Texas Instruments, Inc. publications: (1) Product Preview, MF Reader System Series 4000, S4100 Multi-Function Reader Module (published May 2003) (Invalidity Contentions, p. 6); (2) Reader Series 4000, S4100 Multi-Function Reader Module RF-MGR-MNMN, Download Tool Reference Guide (published Oct. 2003) (id. at 7); and (3) S4100 Multi-Function Reader Module Data Sheet (published Oct. 2003) (id. at 10).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

### 2.    '935 Patent Conception Date Evidence

HID Global concedes that the documents related to the conception of the '935 Patent are not privileged and would have been produced in accordance with Patent Local Rule 3-2(b) had they been located earlier.  (Opp. Br. 8.)  HID Global asserts that it diligently attempted to locate these documents, which were in the possession of Destron Fearing Corporation ("Destron").  Destron has owned the '935 Patent through this litigation.  (Decl. of Jason Prescott ("Prescott Decl.") ¶ 3, Docket No. 188.)  HID Global claims that despite its diligent efforts to procure these documents from Destron, HID Global did not receive the documents until January 3, 2012.  (Opp. Br. 8; Prescott Decl. ¶ 9.)  HID Global produced the documents to Farpointe the same day it received them.  (Opp. Br. 8.)

Though HID Global has alleged certain facts that suggest it diligently attempted to obtain the '935 Patent conception documents, HID Global has not corroborated these assertions with any declaration from a declarant with personal knowledge of HID Global or Destron's efforts.  To support its assertions, HID Global offers only the declaration of Mr. Jason Prescott, a Destron employee.  Mr. Prescott, however, does not allege to have any personal knowledge of the document request HID Global allegedly submitted to Destron in March 2011.  Nor does Mr. Prescott have any personal knowledge of how and when, if ever, Destron responded to that document request.  As a party to this litigation, Destron was obligated to timely produce all conception documents regarding the '935 Patent.  Though Mr. Prescott alleges he was "informed" that Destron received a request for conception documents in March 2011 and that Destron produced responsive documents in April 2011 (Prescott Decl. ¶¶ 4-5), this alone is insufficient because Mr. Prescott lacks personal knowledge of those events.  Moreover, Mr. Prescott did not become HID Global's point of contact at Destron until July 2011, further showing he lacks firsthand knowledge of HID Global and Destron's efforts to locate and produce conception documents in March or April of 2011.  (Id. ¶ 6.)

Accordingly, HID Global has provided insufficient evidence to justify its eight-month delay in production of the '935 Patent conception documents.  Without a sworn declaration from a declarant with personal knowledge, detailing the good faith steps Destron and HID Global took to make a timely production in accordance with Patent Local Rule 3-2(b), the Court cannot find the delay to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |

| | |
|---|---|
| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |

reasonable.  Thus, the conception evidence related to the '935 Patent produced on January 3 and January 12, 2012 will be excluded.

### B.      Preclusion of Evidence of a Conception Date Earlier Than Filing Date of the '862 Patent Due to Spoliation of Evidence

Farpointe asks the Court to preclude all evidence of a conception date earlier than the filing date of the '862 Patent due to HID Global's negligent or willful destruction of evidence.  (Mot. Br. 9-10.)

Parties have a duty to preserve evidence it knew or should have known was relevant or may be relevant to future litigation.  Sunrider Corp. v. Bountiful Biotech Corp., 2010 WL 4590766, at *29 (C.D. Cal. Oct. 8, 2010).  Spoliation requires awareness that the records destroyed were potentially relevant to the litigation.  United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002).  "Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information."  Wm. T. Thompson v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984.)

Farpointe contends that HID Global improperly destroyed documents belonging to Mr. Quan, the inventor of the '862 Patent, that were relevant or could have led to the discovery of admissible evidence.  (Mot. Br. 10-11.)  Farpointe bases this argument on the fact that an email discovered in HID Global's document production, dated December 20, 2010, referenced eight boxes of Mr. Quan's belongings that had been retrieved from a storage facility for the purpose of finding Mr. Quan's engineering notebooks and other documents responsive to Farpointe's requests for production.  (Cole Decl., Ex. M.)  Mr. Quan had mentioned during his deposition that he had left all of his engineering notebooks at his desk in the HID Global office when he stopped working for HID Global.  (Cole Decl., Ex. L.)  When Farpointe inspected the boxes, the engineering notebooks were nowhere to be found.  Furthermore, HID Global informed Farpointe that it could not examine the original eight boxes pulled from storage because HID Global had removed irrelevant documents and consolidated the boxes "months ago."  (Cole Decl., Ex. N.)  Thus, Farpointe inspected only three boxes.  (Cole Decl. ¶ 14.)  HID Global

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

declined to answer on the record any of Farpointe's questions about the consolidation of the boxes at their meet and confer; however, HID Global's counsel advised that someone at HID Global had shredded irrelevant documents from Mr. Quan's boxes.  (Cole Decl. ¶ 15; Cole Decl., Exs. O, P.)  After this discussion, Farpointe sent a letter to HID Global's counsel asking counsel to identify who at HID Global destroyed the documents in Mr. Quan's boxes, what was destroyed, and at whose direction were the documents destroyed.  (Cole Decl. ¶ 15; Cole Decl., Exs. O, P.)  HID Global's counsel declined to answer Farpointe's questions and responded by maintaining that the documents destroyed were not relevant to the litigation.  (Cole Decl., Ex. P.)

While this sequence of events does not alone give rise to an inference of spoliation, the Court needs more information and finds Farpointe's questions to HID Global's counsel to be proper.  Thus, the Court orders HID Global to disclose when the documents in the eight boxes of Mr. Quan's belongings were shredded, who shredded the documents, which documents were shredded,[7] and at whose direction were the documents shredded.  At this time, the Court denies Farpointe's request for an order precluding all evidence of a conception date earlier than the filing date of the '862 Patent.  Farpointe's showing is insufficient to support such a sweeping exclusionary sanction.

### IV.   Conclusion

For the foregoing reasons, the Motion is GRANTED in part and DENIED in part.  The conception date documents produced on January 3 and January 12, 2012 relating to the '862 and '935 Patents are excluded.  The Court orders HID Global to respond to Farpointe's queries related to the eight boxes of Mr. Quan's belongings.  The Court denies Farpointe request to preclude all evidence of a conception date earlier than the filing date of the '862 Patent.  The Court also denies Farpointe's request for attorneys' fees for bringing this Motion.

IT IS SO ORDERED.

---

[7] HID Global shall describe the documents shredded with as much particularity as possible.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | March 21, 2012 |
|---|---|---|---|

| Title | HID Global Corp., et al.  v.  Farpointe Data, Inc., et al. |
|---|---|

Initials of Preparer      kjt

: