# Exhibit 20

**EXHIBIT 4**

```
 1  Michael T. Hornak (State Bar No. 81936)
    mhornak@rutan.com
 2  Ronald P. Oines (State Bar No. 145016)
    roines@rutan.com
 3  Bradley A. Chapin (State Bar No. 232885)
    bchapin@rutan.com
 4  Timothy A. Spivey (State Bar No. 269084)
    tspivey@rutan.com
 5  RUTAN & TUCKER, LLP
    611 Anton Boulevard, Fourteenth Floor
 6  Costa Mesa, California 92626-1931
    Tel: 714-641-5100
 7  Fax: 714-546-9035

 8  Attorneys for Plaintiffs and Counterdefendants
    HID GLOBAL CORPORATION, ASSA ABLOY
 9  AB, and DESTRON FEARING CORPORATION

10

11               UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

14
```

| HID GLOBAL CORPORATION, etc., et. al., | Case No. SACV 10-01954 JVS (RNBx) |
|---|---|
| Plaintiffs, vs. | **PLAINTIFF HID GLOBAL CORPORATION'S RESPONSE TO DEFENDANT FARPOINTE DATA, INC.'S THIRD SET OF INTERROGATORIES** |
| FARPOINTE DATA, INC., etc., et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

PROPOUNDING PARTY:   DEFENDANT FARPOINTE DATA, INC.

RESPONDING PARTY:    PLAINTIFF HID GLOBAL CORPORATION

SET NO.:             THREE

   Plaintiff HID Global Corporation ("Plaintiff") hereby responds to Defendant Farpointe Data, Inc.'s ("Defendant") Third Set of Interrogatories as follows:

/ / /

/ / /

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 216

-1-

PLAINTIFF HID GLOBAL CORPORATION'S RESPONSE TO FARPOINTE DATA, INC.'S THIRD SET OF INTERROGATORIES

## PRELIMINARY STATEMENT

Discovery is ongoing in this action, and Plaintiff's responses to these Interrogatories are based upon facts of which Plaintiff presently is aware and upon claims and defenses asserted or contemplated at this time. Plaintiff's responses are given without prejudice to its right to supplement or modify its responses based on subsequently discovered facts or facts which become relevant based on subsequent discovery or newly asserted claims or defenses in this litigation.

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent that they purport to impose any requirement or discovery obligation other than or beyond those set forth in the Federal Rules of Civil Procedure or other applicable court orders or local rules.

2. Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, the common interest doctrine or any other applicable privilege or protection. To the extent that the Interrogatories may be construed as seeking such privileged or protected information, Plaintiff hereby claims such privilege and invokes such protection. The fact that Plaintiff does not specifically object to any individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine or any other applicable privilege or protection. Plaintiff's inadvertent furnishing of such information, should that occur, shall not be construed as a waiver of any applicable privilege or other legal protection.

3. Plaintiff objects to the Interrogatories to the extent that they purport to impose a burden of providing information that is not in Plaintiff's possession, custody or control.

4. In responding to these Interrogatories, Plaintiff does not concede the

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 217

-2-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

relevancy, materiality or admissibility of any specific information, or of the subject matter to which it refers or relates. These responses are made without waiving any objections as to the competency, relevancy, materiality, or admissibility of any of the Interrogatories or responses, or the subject matter thereof, in any proceeding, including the trial of this action.

5. Plaintiff incorporates each of the foregoing General Objections by reference into its response to each Interrogatory set forth below.

**INTERROGATORIES AND RESPONSES THERETO**

**INTERROGATORY NO. 9:**

For each Accused Product, IDENTIFY with particularity the component(s) which YOU contend constitute the "programmer" as that term is used in Claim 17 of the '935 Patent.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff hereby incorporates paragraphs 196 through 229 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 10:**

For each Accused Product, IDENTIFY with particularity the component(s) which YOU contend constitute the "processor" as that term is used in Claim 17 of the '935 Patent.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff hereby incorporates paragraphs 180 through 195 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 11:**

For each Accused Product, state with particularity how YOU contend the Accused Product may be programmed "on-site" as that term is used in Claim 17 of the '935 Patent.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff further objects to this interrogatory on the grounds that it is vague

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 218

-5-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

and ambiguous and unintelligible because the term "on-site" is not used in Claim 17 of the '935 Patent.

Subject to and without waiving the foregoing objections, and interpreting "on-site" to be as it is used in the Court's Claim Construction Order, Plaintiff further responds as follows: Plaintiff hereby incorporates paragraphs 71 through 102 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 12:**

For each Accused Product, IDENTIFY with particularity the component(s) which YOU contend constitute the "antenna assembly" as that term is used in Claim 17 of the '935 Patent.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff hereby incorporates paragraphs 176 through 179 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 13:**

For each Accused Product, IDENTIFY with particularity the "different frequencies" (as that term is used in Claim 17 of the '935 Patent) YOU contend are transmitted by the plurality of transponders to be read by the Accused Product.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff hereby incorporates paragraphs 105 through 173 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 14:**

Identify the FCC license number issued to or obtained by YOU for each Infringed Product.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff further objects to this interrogatory on the grounds that it (a) is vague, ambiguous and unintelligible because of its use of the term "Infringed Product"; (b) is overbroad and unduly burdensome and oppressive; and (c) seeks information that is neither relevant nor reasonably calculated to lead to the discovery

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 219

PLAINTIFF HID GLOBAL CORPORATION'S RESPONSE TO FARPOINTE DATA, INC.'S THIRD SET OF INTERROGATORIES

of admissible evidence.

**INTERROGATORY NO. 15:**

For each of the Asserted Patents, IDENTIFY with particularity the date of CONCEPTION of the claimed invention(s).

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff further objects to this interrogatory on the grounds that is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Plaintiff further responds as follows:

'862 Patent:

Claims 1, 2, 3, 4, 14 and 16: At least as early as February 12, 2004.

Claims 5, 6, 9, 10, 13, 17, 19, 20, 21, 22: At least as early as September 8, 2004.

'935 Patent:

Claims 17, 18 and 19: At least as early as May 3, 1996.

**INTERROGATORY NO. 16:**

To the extent YOU intend to refer to or rely upon a date of CONCEPTION that is prior to the date of the issuance of the Asserted Patents, IDENTIFY with particularity each DOCUMENT that supports YOUR reliance upon such date.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff further objects to this interrogatory because it is unintelligible because it asks whether there is a date of conception prior to the date of "issuance" of the Asserted Patents. The invention is, by law, presumed to be conceived and reduced to practice at least as of the date of the patent "application."

Subject to and without waiving any of the foregoing objections, Plaintiff further responds as follows: Plaintiff is producing herewith a copy of an Invention Disclosure that supports a conception date of at least as early as September 8, 2004 for claims 5, 6, 9, 10, 13, 17, 19, 20, 21, 22 of the '862 patent. Plaintiff is producing

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 220

-5-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

herewith a copy of an Invention Disclosure that supports a conception date of at least as early as February 12, 2004 for claims 1, 2, 3, 4, 14 and 16 of the '862 patent. These documents are protected by the attorney client privilege. By producing these documents, Plaintiff does not waive such privilege for any other purpose or for any other document or communication.

The '935 patent and prosecution history establish a conception date of at least as early as May 3, 1996 for claims 17, 18 and 19 of the '935 patent.

**INTERROGATORY NO. 17:**

For each response to Request for Admissions (Set One) served concurrently herewith that is anything other than an unqualified admission, state with particularity all facts upon which YOU base YOUR response.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff hereby incorporates its objections and responses to Farpointe's requests for admission. Plaintiff further responds as follows:

**Request for Admission no. 3:**

Among other things, in claim 17 of the '935 patent, "said" identification signal is discussed in the preamble of claim 17, which provides, in pertinent part: "plurality of transponders that respond to an interrogation signal by transmitting an identification signal having different frequencies [and] different methods of modulation . . . ." The portion of the HID MultiProx Reader that reads ProxCard II cards does not read any other cards, and thus, it does not process an identification signal having different frequencies or different methods of modulation. Therefore, the HID MultiProx Reader does not process "said" identification signal, as required by the '935 patent. Plaintiff reserves its right to supplement this response and to address Farpointe's invalidity assertions in a rebuttal expert report.

**Request for Admission no. 4:**

Among other things, in claim 17 of the '935 patent, "said" identification signal is discussed in the preamble of claim 17, which provides, in pertinent part:

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 221

-6-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

| | |
|---|---|
| 1 | "plurality of transponders that respond to an interrogation signal by transmitting an |
| 2 | identification signal having different frequencies [and] different methods of |
| 3 | modulation . . . ." The portion of the HID MultiProx Reader that reads Schlage |
| 4 | cards does not read any other cards, and thus, it does not process an identification |
| 5 | signal having different frequencies or different methods of modulation. Therefore, |
| 6 | the HID MultiProx Reader does not process "said" identification signal, as required |
| 7 | by the '935 patent. Plaintiff reserves its right to supplement this response and to |
| 8 | address Farpointe's invalidity assertions in a rebuttal expert report. |
| 9 | **Request for Admission no. 5**: |
| 10 | Among other things, in claim 17 of the '935 patent, the different cards that |
| 11 | use "different frequencies" respond to the same interrogation signal. In the HID |
| 12 | MultiProx Reader, there are two interrogators, one for the ProxCard II and a |
| 13 | separate one for the Schlage cards. There are not different cards using different |
| 14 | frequencies responding to the same interrogator. Therefore, the ProxCard II does |
| 15 | not operate at a "different frequency" as the Schlage cards, under the meaning of |
| 16 | "different frequencies" in the '935 patent. Plaintiff reserves its right to supplement |
| 17 | this response and to address Farpointe's invalidity assertions in a rebuttal expert |
| 18 | report. |
| 19 | **Request for Admission no. 6**: |
| 20 | The "antennas" in the '862 patent are each tuned to operate at a certain carrier |
| 21 | frequency. The "antenna" of the Schlage reader in the HID MultiProx Reader is not |
| 22 | tuned to operate at a carrier frequency and, therefore, is not an "antenna" defined by |
| 23 | the '862 patent. Therefore, there are not two "antennas" (as that term is defined) in |
| 24 | the HID MultiProx Reader. Plaintiff reserves its right to supplement this response |
| 25 | and to address Farpointe's invalidity assertions in a rebuttal expert report. |
| 26 | **Request for Admission no. 7**: |
| 27 | The "antennas" in the '862 patent are each tuned to operate at a certain carrier |
| 28 | frequency. The "antenna" of the Schlage reader in the HID MultiProx Reader is not |

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 222

-7-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

tuned to operate at a carrier frequency and, therefore, is not an "antenna" defined by the '862 patent. Therefore, there are not two "antennas" (as that term is defined) in the HID MultiProx Reader. Plaintiff reserves its right to supplement this response and to address Farpointe's invalidity assertions in a rebuttal expert report.

**Request for Admission no. 14:**

Plaintiff hereby incorporates paragraphs 105 through 153 of the Expert Report of Richard T. Mihran, a copy of which is attached hereto.

**INTERROGATORY NO. 18:**

For each response to Request for Admissions (Set One) served concurrently herewith that is anything other than an unqualified admission, IDENTIFY all DOCUMENTS and other tangible things that support YOUR response.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff hereby incorporates its objections and responses to Farpointe's requests for admission. Plaintiff further objects to this interrogatory is overbroad and unduly burdensome and oppressive.

Subject to and without waiving any of the foregoing objections, Plaintiff further responds as follows:

**Request for Admission no. 3:**

'935 patent.

Prosecution history of '935 patent.

Ex. 8 to Expert Report of Roger Stewart.

Infringement Report of Dr. Rick Mihran.

**Request for Admission no. 4:**

'935 patent.

Prosecution history of '935 patent.

Ex. 8 to Expert Report of Roger Stewart.

Infringement Report of Dr. Rick Mihran.

**Request for Admission no. 5:**

Rutan & Tucker LLP
attorneys at law

2118/025100-0015
2702488.1 a01/03/12

EXHIBIT 4, PAGE 223

-8-

PLAINTIFF HID GLOBAL CORPORATION'S
RESPONSE TO FARPOINTE DATA, INC.'S
THIRD SET OF INTERROGATORIES

| | |
|---|---|
| 1 | '935 patent. |
| 2 | Prosecution history of '935 patent. |
| 3 | Ex. 8 to Expert Report of Roger Stewart. |
| 4 | Infringement Report of Dr. Rick Mihran. |
| 5 | **Request for Admission no. 6:** |
| 6 | '862 patent. |
| 7 | Prosecution history of '862 patent. |
| 8 | Ex. 8 to Expert Report of Roger Stewart. |
| 9 | Infringement Report of Dr. Rick Mihran. |
| 10 | **Request for Admission no. 7:** |
| 11 | '862 patent. |
| 12 | Prosecution history of '862 patent. |
| 13 | Ex. 8 to Expert Report of Roger Stewart. |
| 14 | Infringement Report of Dr. Rick Mihran. |
| 15 | **Request for Admission no. 14:** |
| 16 | '935 patent. |
| 17 | Prosecution history of '935 patent. |
| 18 | Ex. 8 to Expert Report of Roger Stewart. |
| 19 | Infringement Report of Dr. Rick Mihran. |

Dated: January 3, 2012

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
RONALD P. OINES
BRADLEY A. CHAPIN
TIMOTHY SPIVEY

By: _____
Bradley A. Chapin
Attorneys for Plaintiffs HID GLOBAL CORPORATION, ASSA ABLOY AB and DESTRON FEARING CORPORATION

Rutan & Tucker LLP
attorneys at law
2118/025100-0015
2702488.1 a01/03/12
EXHIBIT 4, PAGE 224
-9-
PLAINTIFF HID GLOBAL CORPORATION'S RESPONSE TO FARPOINTE DATA, INC.'S THIRD SET OF INTERROGATORIES

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I have read the foregoing **PLAINTIFF HID GLOBAL CORPORATION'S RESPONSES TO DEFENDANT FARPOINTE DATA, INC.'S THIRD SET OF INTERROGATORIES** and know its contents.

I am an authorized representative of HID GLOBAL CORPORATION, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 2nd, 2012, at Buffalo, NY.

HID GLOBAL CORPORATION

By: _/s/ Michael J. Davis_
Michael Davis, Director of IP

2163/025100-0015
2794875.1 a12/29/11